BLACK v. SMITH et al.

Eastern Section. April 13, 1935.

Petition for Certiorari denied by Supreme Court, June 29, 1935.

S. E. N. Moore, of Knoxville, for appellant.
Zirkle & Bowers, of Sevierville, for appellees.

PORTRUM, J. ██ This bill was filed for the rescission and cancellation of two deeds made in the exchange of property because of failure of title due to the alleged fraud of one of the grantors, and if this relief is denied, then that the complainant recover damages for the breach of the warranty contained in her deed. The defendants demurred to the bill as a whole and to the separate grounds upon which the complainant sought relief. The chancellor sustained this demurrer so far as some of the defendants were concerned in toto, but overruling it as to another defendant. The complainant then prayed a discretionary appeal to the Supreme Court which was granted, and upon a hearing in that court the demurrer was sustained to the extent of eliminating the relief praying for

rescission and cancellation, but it was overruled in so far as the bill sought to recover damages for the breach of the covenant of seizin. The Supreme Court filed a written opinion[1] stating that the bill taken as true stated a good cause of action for the breach of a covenant of seizin, and remanded the case for an answer and a trial upon this issue. The allegations of the bill in reference to the breach of the covenant of seizin have been proven as alleged in the bill, and this being true, the breach has been formally adjudicated and the questions of law are not now open for review.

Having found the facts proven as alleged in the bill in reference to the breach of the covenant, there remains but one issue for our determination which is, the measure of damages due the complainant and the amount. In order to intelligently dispose of the two inquiries, it is necessary to make a statement of facts.

The Grant Bond & Mortgage Company was a trust company operating in Morristown, Tenn., with E. M. Grant as its president, and engaged in making loans upon real estate secured by mortgages, which loans were later negotiated by the company to the Equitable Life Insurance Company secured by the assignment of the mortgage or trust deed, and in addition by the indorsement of the Grant Bond & Mortgage Company. This company maintained agents and appraisers over the surrounding counties, whose duties it was to procure and assist in the negotiation of the loans and the appraisement of the property. The defendant R. T. Zirkle was the company's agent in Jefferson county, Tenn., and he had been the county surveyor for many years and was more or less familiar with land titles.

The Joseph Moore farm, comprising more than 400 acres, lies in Sevier county, Tenn., and W. M. Moore, then the owner of the farm, applied to the Grant Bond & Mortgage Company for a loan of $10.000 secured by a trust deed. This application was approved, the title examined, and the loan made, and thereafter the note was negotiated to the Equitable Life Insurance Company, which had an arrangement with the company for time in which to examine the title, and, if disapproved, to return the note and cancel the negotiations. In the meantime the company had made the loan to the borrower, Moore. Upon the examination of the title, the Equitable Life Insurance Company discovered a prior mortgage of $3,000 upon the land, and it returned the note. The company then had to carry the loan or make arrangements to renegotiate it. The company then filed a bill to foreclose the trust deeds upon this property, and in due time they were foreclosed, and the Grant Bond & Mortgage bought in the property, but it could not make a loan directly with the insurance company in its own name, so it arranged

[1]Not for publication.

with its agent, R. T. Zirkle, to take the legal title to this property in his name, and to apply to the mortgage company for a loan of $10,000 secured by trust deeds, and the mortgage company then negotiated this loan to the Equitable Life Insurance Company; the defendant R. T. Zirkle acting solely as an accommodation for his principal, the mortgage company.

The complainant, Mrs. Martha S. Black, owned a piece of property on Central avenue in the city of Knoxville, which was encumbered by a mortgage of $10,000, which obligation was in the process of enforcement, and she entered into negotiations with the Grant Bond & Mortgage Company to exchange her city property for the . Moore farm in Sevier county, and both being encumbered with a mortgage of $10,000 each, it amounted to an exchange of the equity in the property. The consideration was the assumption of the respective obligations and liens resting upon the respective properties, and in carrying out this transfer the mortgage company directed Mr. Zirkle to make a deed to the property in his name directly to the complainant, Mrs. Black, and Mrs. Black deeded her property to the mortgage company. This transfer was made in 1930 and Mrs. Black went in possession of the Moore farm and remained in possession until shortly before the institution of this suit when she was dispossessed. During this period she made no payment upon the interest or principal of the obligation, nor did she pay the taxes accruing upon the property, but she collected and used the rents and profits of this large farm. Before the maturity of her note, she attempted to refinance her obligation by securing a new loan. But when the title was examined, it was discovered that Joseph Moore and wife had made a deed severing the mineral rights upon this land, or a large part of it, and had conveyed the same to H. Clay Evans, as trustee, in November, 1890. The examiner reported the title as defective, and some attempt was made to remove the deed as a cloud before the loan was finally declined. The complainant then brings this suit to recover damages for the breach of the covenants of the deeds.

It is necessary to show just what title and rights were conveyed to H. Clay Evans, trustee, in the aforesaid deed and we quote:

"For and in consideration of the sum of $10, and other considerations to us in hand paid by H. Clay Evans, Trustee, the receipt whereof is hereby acknowledged, we, Joseph Moore and wife, Sarah C. Moore, of Sevier County, Tennessee, have bargained and sold and by these presents do grant, bargain, sell and convey unto the said H. Clay Evans, Trustee, all the iron ore and all the necessary right of ingress and egress into and upon the premises hereinafter described, of all minerals and mining rights thereon, and all necessary rights-of-way for operating mines upon said premises, and transporting said ore, together with all water, clay and rock neces-

sary to operate said mines. If roadways become necessary through the enclosed premises, gates are to be provided at the expense of the grantees, and all other ways, etc., are to be constructed on northern side of dividing ridge betwee Tuckaho and Dumplin Creek, and upon and under the following real estate, lying and being situated in the Eighth Civil District of Sevier County, to-wit. . . ."

We omit the description, but state that the H. Clay Evans deed does not cover the entire tract conveyed to Mrs. Black, a large portion of the most valuable bottom and agricultural land conveyed in Mrs. Black's deed is not included in the Evans deed.

The complainant insists that her damages are to be measured by the fair market value of the land at the time of her purchase as if the title were good, subtracting the value of the land in its state as encumbered by the Evans deed. The attempt to establish it by proving that the land was worth $100 per acre, or about $40,000 if the title were good, and that the Evans deed has depreciated the title in the market to the.extent of 50 per cent., which would entitle her to a recovery of $20,000, which she sought to have offset against her outstanding obligations, namely the mortgage notes, and the balance paid her in cash. The defendants insist: "The rule establishing actual loss as a measure of recovery in Tennessee in cases of partial failure of title is held.in the following cases: Mengel Box Co. v. Ferguson, 124 Tenn., 433, 443, 137 S. W., 101; Moses v. Wallace, 7 Lea (75 Tenn.), 413, 419; Cobb v. Sanders, 1 Tenn. App., 326, 327. 'Whereas only partial loss of title, and the purchaser has had the use of the property and received the crops has never suffered eviction, recovery is limited to actual loss suffered, estimated by allocating that part of the purchase price actually paid for the whole—to the part lost, less the rents of the farm while in possession of the grantees.' "

The measure of damages adopted by the court in any case is only a rule to ascertain approximately the damage suffered by the injured party; if a rule applied in similar cases proves inadequate or defective because of the peculiar fact of another case, then the court will not permit injustice by applying the rule. The measure of damages insisted upon by the complainant in this case due to the proven facts of the case is inequitable, and if applied, would bring about injustice and permit her to recover a sum which the court is satisfied she is not entitled to. This conclusion is based upon the following reasons: Her witnesses are real estate men who gave their opinion as to the value of the land; they were then shown the Evans deed and asked for their opinion in view of the defective state of the title, and they answered that the defect in title would depreciate the market value of the land 50 per cent. They did not take into consideration that a large part of the most valuable farming land was not covered by the Evans deed, and since

the ore land was in the ridges and less valuable for agricultural purposes, their opinion as to the damages sustained is not based upon a proper hypothesis and cannot serve as a guide controlling the court. No attempt was made to show if there were ore upon the land in quality and quantity justifying its commercial development, and in the absence of this showing, and the fact that the Evans deed is more than forty years old, evidencing a probable intention to abandon the rights conveyed, the deed then amounts to no more than a cloud upon the title, and a cloud that may be removed at small expense considered in view of the amount sought to be recovered.

The complainant has shown that she is entitled to recover damages for the breach of the covenant of seizin, but she has failed to establish by proof the amount of her damages; the court could remand the case for a reference with directions for the establishing of the damage, if equity demanded it, but the court feels that it can determine the just amount of her damages upon the record without a remand.

We should have stated that the son of the defendant R. T. Zirkle purchased the $10,000 note from the Equitable Life Insurance Company before maturity, for which he took an assignment, and that he foreclosed the mortgage upon the Moore property and bought it in in his own name, and filed a cross-bill in this case against Mrs. Black, joining as a complainant his father, in order to adjust the equity between the parties, and to obtain a deficiency judgment against Mrs. Black for the amount the property failed to realize upon the note. His cross-bill was sustained and he was granted a deficiency judgment against Mrs. Black in the sum of about $2,300.

The Grant Bond & Mortgage Company also filed a cross-bill to recover on a note of $3,500 executed by Mrs. Black and her husband, the proceeds of which were used in the payment of taxes, interest due, and a payment of $3,000 upon the $10,000 note, but this $3,500 note was never paid. The chancellor sustained this cross-bill and granted a recovery for the sum sued for.

Mrs. Black assumed the payment of this $10,000 mortgage and between her and her grantor, the defendant Zirkle, she is primarily liable and he is secondarily liable upon the obligation, but as between Mrs. Black and the insurance company, the insurance company has to work out its equity through Mr. Zirkle, the maker of the note. And between Mrs. Black and Mr. Zirkle, he having breached his covenant, she is entitled to an offset upon the obligation for the amount of her damages. The son stands on no higher ground than the insurance company and he must work out his rights through the rights of his father, who is primarily liable to him. He is in no position to require Mrs. Black to pay an obligation to his father, since she was not required to pay this obliga-

tion to the father. Therefore, Mrs. Black is entitled to offset her claim for damages against this judgment upon the cross-bill, especially in view of the fact that the Grant Bond & Mortgage Company paid the son as a gift $2,000, if he would purchase from the Equitable Insurance Company the outstanding obligation.

The recovery of the Grant Bond & Mortgage Company on its cross-bill is subject to be offset also against the complainant's damages for the breach of the covenant, for the reason that Zirkle was acting in an accommodation manner and as agent for this company, and the company will not be permitted to receive the fruit of a transfer and escape the obligation assumed by its agent to the damage of the complainant.

The Grant Bond & Mortgage Company is insolvent and so are Mr. and Mrs. Black, and these mutual obligations are, at the present time, of little value. We are satisfied that the recovery granted against Mrs. Black is sufficient to offset any recovery she is entitled to for the breach of a covenant of seizin, and that she is entitled to set off her right of recovery against these two recoveries granted against her, and that when this is done, the parties will be as nearly in status quo as it is possible for a court of equity to place them in this litigation. Mrs. Black should not be required to pay anything further upon this obligation. She was handicapped in protecting her equity by this cloud upon the title, and but for the cloud the property at the foreclosure sale may have brought enough to satisfy the entire obligation and discharge Mrs. Black therefrom.

We are of the opinion that the original bill should have been sustained, and that she should have had a recovery in a sufficient sum to offset and satisfy the two judgments rendered against her upon the two cross-bills and a decree will be entered now to this effect. The entire cost of the cause will be divided in three ways, one-third against Mrs. Black, one-third against the Grant Bond & Mortgage Company, and one-third against R. T. Zirkle and George C. Zirkle.

Ailor and McAmis, JJ., concur.